UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY JAMES SMIT, #265752,

        Petitioner,

                            CASE NO. 2:07-CV-14622
v.                              HONORABLE ANNA DIGGS TAYLOR

PERCY CONNERLY,

        Respondent.
                                          /

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS,
DENYING A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

I.      Introduction

Michigan prisoner Bradley James Smit ("Petitioner") has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. On September 16, 2004, Petitioner pleaded guilty to one count of breaking and entering with intent to commit larceny in the Manistee County Circuit Court in exchange for the dismissal of several other charges. At the plea hearing, Petitioner admitted that he and two others broke into a home in Wellston, Michigan in May, 2004 with the intent to steal items of value. He admitted stealing binoculars, speakers, night vision goggles and miscellaneous things. The homeowner reported that missing items also included two BB guns, a $CO^2$ pistol, and a hunting knife. On November 8, 2004, the trial court sentenced Petitioner to 4 ½ to 10 years imprisonment with 20 days of jail credit.

In his pleadings, Petitioner challenges the validity of his sentence, the effectiveness of defense counsel at sentencing, and the sentencing credit decision. Petitioner has exhausted his

claims in the state courts. Respondent contends that Petitioner's claims are not are not cognizable on habeas review and/or lack merit.

II.     Discussion

   A.     Standard of Review

Federal law imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

In this case, the Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented" and the Michigan Supreme Court denied leave to appeal because it was "not persuaded that the questions presented should be reviewed." Because the state appellate courts did not specifically address whether the alleged errors constituted a denial of Petitioner's federal constitutional rights, the deference due under 28 U.S.C. § 2254(d) does not apply, and habeas review of the claims is *de novo*. *See Higgins v. Renico*, 470 F.3d 624, 630 (6th Cir. 2006) (quoting *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003), and citing *Wiggins v. Smith*, 539 U.S. 510, 534 (2003)).

B.     Sentencing Claims

Petitioner asserts that he is entitled to habeas relief because he believes that the state trial court mis-scored the state sentencing guidelines, relied upon inaccurate information, and violated his Sixth Amendment rights by utilizing facts not admitted by him during the plea proceedings. Specifically, Petitioner alleges that the trial court erred in sentencing him by assessing five points for possession of a lethal weapon (OV2), by assessing 10 points for a pattern of three or more instances of felonious activity within a five-year period (OV13), by assessing 10 points for being the leader in a multiple offender situation (OV14), and by assessing 30 points for four or more prior low severity felony convictions (PRV-2)[1] where such facts were not supported by the record nor admitted by him during the plea and sentencing hearings.

As an initial matter, the Court notes that Petitioner's sentence of 4 ½ years to 10 years imprisonment is within the statutory maximum of 10 years imprisonment. *See* Mich. Comp. L. § 750.110. A sentence imposed within the statutory limits is generally not subject to federal habeas review. *See Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). A sentence within the statutory maximum does not normally constitute cruel and unusual punishment. *See Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000). Further, any claim that the sentencing guidelines were incorrectly scored under state law fails to state a claim upon which federal habeas relief can be granted because it is basically a state law claim. *Id.* at 301; *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Cook*, 56 F. Supp. 2d at 797. State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *See, e.g., Estelle v. McGuire*,

---

[1] The parties refer to this variable as PRV-6, but the trial court documents refer to it as PRV-2. The Court will use PRV-2 for purposes of this opinion.

502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). Petitioner is not entitled to habeas relief on his state law sentencing issues.

A sentence may violate due process, however, if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *See Townsend*, 334 U.S. at 741; *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (criminal defendant must have a meaningful opportunity to rebut contested information at sentencing). To prevail on such a claim, the petitioner must show that the trial judge relied on the allegedly false information. *See United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992). Petitioner has made no such showing. The record reveals that the trial court considered the facts and circumstances of the crime, the pre-sentence reports, and other permissible factors at sentencing. Petitioner had an opportunity to contest the accuracy of the reports, the scoring of the guidelines, and other sentencing factors. Petitioner has not shown that the trial court relied upon materially false or inaccurate information in imposing sentence. Habeas relief is therefore not warranted on such a basis.

Petitioner also cannot prevail on his assertion that he is entitled to habeas relief because the trial judge relied upon facts not admitted by him during the plea and sentencing proceedings in imposing his sentence in violation of the Sixth Amendment. *See Blakely v. Washington*, 542 U.S. 296 (2004). *Blakely* involved a trial court's departure from a state's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. The statutory maximum sentence is not determined by the trial judge but is set by law. *See People v. Claypool,* 470 Mich. 715, 730 n. 14, 684 N.W.2d 278 (2004) (citing Mich. Comp. L. § 769.8). The minimum sentence is based on the

4

applicable sentencing guidelines ranges. *Id.* Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock*, 469 Mich. 247, 255 n. 7, 666 N.W.2d 231 (2003) (citing Mich. Comp. L. § 769.34(2)). The trial judge sets the minimum sentence, but can never exceed the statutory maximum sentence. *Claypool*, 470 Mich. at 730 n. 14. In *People v. Drohan*, 475 Mich. 140, 160-62, 715 N.W.2d 778 (2006), the Michigan Supreme Court held that Michigan's indeterminate sentencing scheme does not offend the Sixth Amendment right to trial by jury because a defendant is subject to the statutory maximum sentence for purposes of *Blakely* and the Sixth Amendment does not entitle a defendant to a sentence below the statutory maximum. *See also People v. Harper*, 479 Mich. 599, 613-14, 739 N.W.2d 523, 532-33 (2007), *cert. denied*, _ U.S. _, 128 S. Ct. 1444 (2008).

Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. *See Blakely*, 542 U.S. at 304-05, 308-09. Because *Blakely* does not apply to indeterminate sentencing schemes like the one utilized in Michigan, the trial court's scoring of the sentencing guidelines did not violate Petitioner's Sixth Amendment rights. *See Tironi v. Birkett*, No. 06-1557, 2007 WL 3226198 (6th Cir. Oct. 26, 2007) (unpublished); *Hill v. Sherry*, No. 07-CV-13978, 2008 WL 1902106, *3 (E.D. Mich. April 30, 2008); *Delavern v. Harry*, No. 07-CV-13293, 2007 WL 2652603, *3-4 (E.D. Mich. Sept. 7, 2007); *Connor v. Romanowski*, No. 05-74074, 2007 WL 1345066 (E.D. Mich. May 4, 2007); *Jones v. Bergh*, 2006 WL 1007602, *1-2 (E.D. Mich. April 17, 2006); *McNall v. McKee*, No. 1:06-CV-760, 2006 WL 3456677, * 2 (W.D. Mich. Nov.30, 2006). Habeas relief is not warranted.

  C. <u>Ineffective Assistance of Counsel Claim</u>

Petitioner relatedly asserts that defense counsel was ineffective for failing to contest the scoring of OV-2, OV-13, and PRV-2 at sentencing. In *Strickland v. Washington*, 466 U.S. 668

(1984), the Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. 466 U.S. at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair proceeding. *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id*. at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

To satisfy the prejudice prong of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *McQueen v. Scroggy*, 99 F.3d 1302, 1311-12 (6th Cir. 1996) (citing *Strickland*, 466 U.S. at 686).

In this case, Petitioner has not established that defense counsel was deficient and/or that he was prejudiced by counsel's conduct. First, the record reveals that defense counsel successfully obtained a reduction on the scoring of PRV-4 (from 15 to 5 points) and made a reasonable objection to the scoring of OV-14 at sentencing. The trial court, however, rejected counsel's argument as to

6

OV-14 and scored that variable at 10 points because Petitioner was the oldest and most experienced of the three men who committed the crime. Second, defense counsel may have reasonably decided not to object to the scoring of OV-2, OV-13, and PRV-2 as there was some evidence in the record to support the scoring of those variables under state law. As discussed in the state court hearings, Petitioner arguably possessed a knife during the crime, had engaged in three or more instances of felonious activity against persons or property or a drug offense during a five-year period, and had four or more prior low severity convictions. Counsel also cannot be deemed deficient for failing to make objections based upon subsequent changes or clarifications to the sentencing laws.

Furthermore, as noted by the trial court, counsel may have reasonably decided not to contest certain variables at sentencing in order to avoid drawing attention to other scoring decisions which could have then been revised to Petitioner's detriment. Lastly, given that the state trial court upheld the scoring of the guidelines and its sentencing decision when it denied Petitioner's motion for re-sentencing and the appellate courts denied leave to appeal, Petitioner cannot show that he was prejudiced by counsel's conduct. He has thus failed to establish that counsel was ineffective under *Strickland*. Habeas relief is not warranted on this claim.

   D.   Sentencing Credit Claim

Lastly, Petitioner asserts that he is entitled to habeas relief because the state trial court erred by awarding him only 20 days of sentencing credit. The record indicates that Petitioner was on federal supervised release at the time he committed the instant offense. Consequently, the trial court determined, as a matter of state law, that Petitioner was not entitled to credit on his state sentence for time served once the federal detainer had been issued against him as such time would be credited to his federal sentence. *See* 9/7/06 Trial Ct. Op.

7

As discussed *supra*, violations of state law and procedure which do not infringe upon specific federal constitutional protections are not cognizable upon federal habeas review under § 2254. *See, e.g., Estelle*, 502 U.S. at 67-68. A state prisoner has no right under the federal constitution to earn or receive sentencing credits. *See Moore v. Hofbauer*, 144 F. Supp. 2d 877, 882 (E.D. Mich. 2001) (citing *Hansard v. Barrett*, 980 F.2d 1059, 1062 (6th Cir. 1992)). Because Petitioner challenges the interpretation and application of Michigan's sentencing credit laws, this claim is not cognizable on federal habeas review. *See Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. 2003); *Dowdy v. Sherry*, No. 06-CV-10735, 2008 WL 5188827, *12 (E.D. Mich. Dec. 10, 2008). Petitioner has also not shown that the trial court erred under Michigan law. Habeas relief is not warranted on this claim.

III.   Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct

a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims.  *Id.* at 336-37.

Having conducted such a review, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claims.  A certificate of appealability is not warranted in this case nor should Petitioner be granted leave to proceed on appeal *in forma pauperis* as any appeal would be frivolous.  *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed *in forma pauperis* on appeal is **DENIED**.


DATED:  February 5, 2009               **s/Anna Diggs Taylor**
                                       ANNA DIGGS TAYLOR
                                       UNITED STATES DISTRICT JUDGE

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order of Dismissal was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on February 5, 2009.

Bradley Smit, #265752
Standish Maximum Correctional Facility
4713 West M-61
Standish, MI 48658                     s/Johnetta M. Curry-Williams
                                       Case Manager

9